**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| v. | ) | |
| | ) | |
| MARVIN L. MCINTYRE and JOHN ANDERSON | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Acuity, A Mutual Insurance Company ("Acuity"), by and through undersigned counsel of record, states as follows for its Complaint for Declaratory Judgment against defendants Marvin L. McIntyre ("McIntyre") and John Anderson ("Anderson"):

Introduction

1. This is an action for declaratory judgment, brought pursuant to 28 U.S.C. §§ 2201, 1332, to determine a real and justiciable controversy among the parties with respect to their rights and obligations under certain insurance policies issued by Acuity to McIntyre, in relation to an underlying lawsuit pending in the Circuit Court for the Third Judicial District, Madison County, Illinois, captioned *John Anderson v. Town & Country Gun Club, a corporation and Marvin McIntyre,* Case No. 16-L-180 (the "Anderson Complaint.") A true and accurate copy of the Anderson Complaint is attached hereto as Exhibit A.

2. Acuity seeks a judgment finding and declaring that Acuity does not owe any obligations to defend and/or indemnify McIntyre with respect to the Anderson Complaint, because there is no insurance coverage, and/or coverage is excluded, for the allegations in that matter.

The Parties

3. Plaintiff, Acuity, is an insurance company organized under the laws of Wisconsin, with its principal place of business in Sheboygan, Wisconsin.

4. Defendant McIntyre is an individual, and a citizen of Illinois.

5. Defendant Anderson is an individual, and a citizen of Illinois. Defendant Anderson is named as a necessary party to this action given his status as plaintiff in the Anderson Complaint.

Jurisdiction and Venue

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 USC § 1332(a)(1).

7. The potential costs of defending and indemnifying McIntyre with respect to the Anderson Complaint exceed $75,000.

8. This Court holds jurisdiction over this matter pursuant to 28 USC § 1332(a)(1), because there is complete diversity of citizenship between Acuity on the one hand, and defendants, on the other hand. In addition, the amount in controversy exceeds $75,000.

9. Venue is appropriate under 28 USC § 1391 because the defendants reside in the Southern District of Illinois, and because the acts and/or omissions which form the basis of the Anderson Complaint occurred in the Southern District of Illinois.

10. An actual controversy exists between plaintiff Acuity and defendants, and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and 28 USC §§ 2201 and 2202, the Court holds the power to declare the rights and liabilities of the parties and to award such relief as it deems appropriate under the facts of the case.

11. On or about February 8, 2016, John Anderson filed the Anderson Complaint against McIntyre, and Town and Country Gun Club ("Town and Country"), in the Circuit Court for Madison County, Illinois.

12. The Anderson Complaint alleges, generally, that on 9/22/15, McIntyre was operating a forklift owned by Town and Country. The Anderson Complaint alleges that McIntyre lost control of that forklift, and as a result, plaintiff lost his leg (See, Anderson Complaint, ¶ 2.)

13. The Anderson Complaint alleges liability on the part of McIntyre, for "negligently and carelessly fail[ing] to keep the forklift under proper control." (See, Anderson Complaint, ¶ 3.)

14. Acuity issued its Road and Residence Homeowner's policy to Marvin L. McIntyre, having policy number N33862-5, and with policy period 9/19/15 to 9/16/16 (the "Homeowner's Policy," Attached as Exhibit B).

15. The Homeowner's Policy includes the following provisions:

---

**SECTION II – LIABILITY COVERAGE**

**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the **insured** is legally liable; and
2. Provide a defense at our expense by counsel of our choice ....

**COVERAGE F – MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing **bodily injury.** ...

As to others, this coverage applies only:

1. To a person on the **insured location** with the permission of the insured; or
2. To a person off the **insured location**, if the **bodily injury:** …

   b. Is caused by the activities of an **insured. …**

SECTION II – EXCLUSIONS

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to **bodily injury** or **property damage**: …

e. Arising out of:

(1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented to or loaned to an **insured;** …

---

16. Acuity also issued its Road and Residence Acuity Auto policy to Marvin L. McIntyre, having policy number N33862-5, with a policy period of 9/19/15 to 9/19/16 (the "Car Policy," attached as Exhibit C.)

17. The Car Policy includes the following provisions:

---

**PART I – LIABILITY**

**COVERAGE A – LIABILITY COVERAGE**

**We** will pay damages for which an insured person is legally liable because of bodily injury or property damage resulting from the ownership, maintenance or use, including loading and unloading, of a car or utility trailer. …

As used in this Part, "**insured person**" means:

1. **You** for the ownership, maintenance or use of **your insured car. …**

2. Any person while using **your insured car** with **your** permission or that of any adult member of **your** household.

3. **Your** or a **relative** while using a car or other **utility trailer** other than **your insured car** with a reasonable belief of having permission to do so. …

**EXCLUSIONS**

This coverage does not apply to: …

**6.** **Bodily Injury** or **property damage** resulting from the ownership, maintenance or use of a vehicle by a person while employed or otherwise engaged in a business or occupation other than the **auto business**, farming or ranching. This exclusion does not apply to the ownership, maintenance or use of a:

a. **Private passenger car**;
b. **Utility car** described in the Declarations or its replacement;
c. **Utility Trailer** used with a vehicle described in a or b above. …

**8.** Damages arising out of damage to property rented to, or in the care of, an **insured person** except a residence or private garage. …

**10.** **Bodily injury** or **property damage** resulting from the ownership, maintenance or use of a vehicle, other than **your insured car**, which is owned by, furnished to, or available for regular use by **you** …

**DEFINITIONS USED THROUGHOUT THIS POLICY**

Throughout this policy and its endorsements, the words defined below appear in boldface or in all capital letters. …

**5.** **"Your insured car"** means:

a. Any car described in the Declarations and any **private passenger car** or **utility car** **you** acquire as a replacement for a described car which **you** no longer own. …

b. Any additional **private passenger car** or **utility car** of which **you** acquire ownership, if **you** notify **us** within thirty days of its acquisition.

c. Any **utility trailer you** own. …

**6.** **Private passenger car** means a four-wheeled car of the private passenger type.

**11.** **"Utility car"** means a car of the pickup, van or panel truck type with a gross vehicle weight of not more than 8,100 pounds.

**12.** **"Utility trailer"** means a vehicle designed to be towed by a **"private passenger car** and includes a farm wagon or farm implement while towed by a **private passenger car** or **utility car.**

**COUNT I**
**Declaratory Judgment – Acuity Homeowner's Policy**

18. Acuity re-alleges and incorporates by reference Paragraphs 1 through 17 of its Complaint, as if set forth fully herein.

19. Under the Homeowner's Policy, there is no coverage for the claims alleged in the Anderson Complaint, and/or the coverage is excluded, under the express terms of the policy.

20. There is no coverage under the Homeowner's Policy, because the forklift described under the Anderson Compliant is a "motorized land conveyance," and therefore since the claim arises out of the ownership, maintenance, or use of the forklift – a motorized land conveyance – there is no coverage for the claim.

WHERFEFORE, Acuity requests that this Court find and declare, through a judgment, the following:

a) There is no insurance coverage, and/or insurance coverage is excluded, under the Homeowner's Policy, for the Anderson Complaint; and

b) Plaintiff Acuity is not obligated to provide a defense to McIntyre for the allegations in the Anderson Complaint under the Homeowner's Policy; and

c) Plaintiff Acuity is not obligated to provide indemnity to McIntyre and/or Anderson for the damages alleged in the Anderson Complaint under the Homeowner's Policy; and

award such other relief as the Court deems just and appropriate under the circumstances.

**COUNT II**
**Declaratory Judgment – Acuity Car Policy**

21. Acuity re-alleges and incorporates by reference Paragraphs 1 through 17 of its Complaint, as if set forth fully herein.

22. Under the Car Policy, there is no coverage for the claims alleged in the Anderson Complaint, and/or the coverage is excluded, under the express terms of the policy.

23. There is no coverage under the Car Policy, because the forklift out of which the Anderson Complaint arises is not "your insured car," under the policy, since it is not a car, and is not listed on the declarations page.

24. There is no coverage for this claim under the Car Policy, because the forklift out of which the Anderson Complaint arises is not a car, and is not one of the three types of vehicles insured under the Car Policy: a private passenger car ("a four-wheeled car of the private passenger type"), a utility car ("a car of the pickup, van or panel truck type…."), or a utility trailer ("a vehicle designed to be towed by a private passenger car").

25. Moreover, any coverage would be excluded by the Car Policy's provision which excludes coverage for bodily injury or property damage resulting from the ownership, maintenance or use of a vehicle by a person … otherwise engaged in a business or occupation …" other than the ownership, maintenance or use of a private passenger car, a utility car, or a utility trailer.

26. Further, any coverage would be excluded by the Car Policy's provision which excludes coverage for "bodily injury resulting from the ownership, maintenance or use of a vehicle, other than an insured car, which is owned by, furnished to or available for regular use by" McIntyre.

WHEREFORE, plaintiff Acuity requests that this Court find and declare, through a judgment, that:

a) There is no insurance coverage, and/or insurance coverage is excluded, under the Acuity Car Policy, for the Anderson Complaint; and

b) Plaintiff Acuity is not obligated to provide a defense to McIntyre for the allegations in the Anderson Complaint under the Car Policy; and

c) Plaintiff Acuity is not obligated to provide indemnity to McIntyre and/or Anderson for the damages alleged in the Anderson Complaint under the Car Policy; and

awarding such other relief as the Court deems just and appropriate under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury, on any triable issues.

Respectfully Submitted,

By: ______________________

James L. Craney
Craney Law Group, LLC
201 Hillsboro, Suite C
Edwardsville, IL 62025
Ph: 618-307-9595
Fax: 618-551-2100
james.craney@craneylaw.com
*Counsel for Acuity*